NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EDWARD CHRYSTAL, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 11-2455 |
| v. | : | |
| | : | **OPINION** |
| NEW JERSEY DEPARTMENT OF LAW | : | |
| and PUBLIC SAFETY, DIVISION | : | |
| OF STATE POLICE | : | |
| | : | |
| Defendant. | : | |
| | : | |

PISANO, District Judge.

On January 3, 2007, Edward Chyrstal filed a complaint in the Superior Court of New Jersey against the New Jersey Department of Law and Public Safety, Division of State Police, alleging violations of the Uniform Service Employment and Preemployment Rights Act, 38 U.S.C. § 4301 (USERRA) and of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12(a) (NJLAD). The state court awarded monetary damages for these violations in 2010. Chrystal filed the Complaint in this Court on April 28, 2011 against the same Defendant. Plaintiff's claim in this Court arises from events occurring during 2009, after the state-court complaint had been filed, but before trial. Currently before the Court is Defendant's Motion for Summary Judgment arguing that the Plaintiff's Complaint is barred by the entire controversy doctrine and by issue preclusion. The Court decides this Motion without oral argument pursuant to Federal Rule of Civil Procedure 28. For the reasons set forth below, the Motion will be granted.

## I.     **FACTUAL BACKGROUND**

The Plaintiff has been employed by the State Police for over twenty-two years. He is also a Lieutenant Colonel in the New Jersey National Guard, and was ordered to active duty by the United States Army between September 28, 2005, and November 11, 2005.  Plaintiff alleges that before his deployment, he was told that he would be promoted from Sergeant to Sergeant First Class (SFC) in the State Police.  Upon his return in November, however, he was not promoted.  Instead, he alleges, two other Sergeants with fewer qualifications were promoted.  Plaintiff submitted a request for a thirty-day military leave in August 2006, and was subsequently passed over for another promotion by a Sergeant with less seniority.  Based on these events, Plaintiff filed a Complaint in New Jersey Superior Court in January 2007 alleging violations of USERRA and NJLAD.

Before this litigation was resolved, Plaintiff was called for active duty in Iraq from September 2008 to June 2009.  During this deployment, Plaintiff alleges that the Defendant promoted several other SFCs to the rank of Lieutenant.  Plaintiff did not learn of these promotions until August 2009, and Plaintiff's counsel brought this new development to the state court's attention in early September 2009.  On September 15, 2009, Defendant filed a motion in limine to bar introduction of any evidence with respect to this most recent round of promotions.  Defendant served this motion by overnight mail. On November 17, 2009, Defendant faxed a copy of a proposed order for the motion in limine to Plaintiff's counsel.  Plaintiff's counsel asserts that this was his first notice of the motion, due to defective service of the original motion in September.  The motion was granted, unopposed, on December 1, 2009.  On January 5, 2010, Plaintiff moved to

2

vacate this order. The motion to vacate was denied in a hearing held January 22, 2010. On April 22, 2010, a final judgment was issued awarding the Plaintiff monetary damages for Defendant's violations of USERRA and NJLAD.

Plaintiff filed this Complaint in federal court on April 28, 2011. The federal Complaint is based solely upon Defendant's failure to promote Plaintiff to Lieutenant in 2009, which occurred over two years after the state court complaint had been filed. It is this latter failure to promote that was the subject of the contested motion in limine and the resulting state court order barring the introduction of certain evidence.

## II.   SUMMARY JUDGMENT STANDARD

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must first show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether or not a fact is material is determined according to the substantive law at issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Celotex*, 477 U.S. at 324. The non-moving party must then offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Its opposition must rest on "facts in the record and cannot rest solely on

3

assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## III.   LEGAL ANALYSIS

The instant Motion asserts that Plaintiff's Complaint is barred by the entire controversy doctrine and by issue preclusion. The Court will grant Defendant's Motion based on the entire controversy doctrine, and therefore it is unnecessary to reach the issue preclusion argument.

The entire controversy doctrine "requires that a party include in the action all related claims against an adversary and its failure to do so precludes the maintenance of a second action." *Aetna Ins. Co. v. Gilchrist Brothers, Inc.*, 85 N.J. 550, 556-57 (N.J. 1981). The doctrine is intended to serve "the needs of economy and the avoidance of waste, efficiency and the reduction of delay, fairness to parties, and the need for complete and final disposition through the avoidance of piecemeal decisions." *Cogdell v. Hospital Center of Orange*, 116 N.J. 7, 14 (N.J. 1989). For the doctrine to apply, the Plaintiff

"must have had a fair and reasonable opportunity to have fully litigated that claim in the original action." *Ditrolio v. Antiles*, 142 N.J. 253, 273 (N.J. 1995) (quoting *Cafferata v. Peyser*, 251 N.J. Super. 256, (N.J. App. Div. 1991)). The doctrine applies even in federal court where the prior preclusive action was in state court, because the preclusive effect of a state court judgment on a federal court action is governed by state law. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81 (1984).

The claim in this federal Complaint is closely related to the claims brought in state court, and is against the same adversary, for purposes of the entire controversy doctrine. As Plaintiff argued in state court and continues to argue here, the new claim arose from the repetition by the Defendant of the same behavior that gave rise to his state-court complaint. However, the facts underlying this federal Complaint arose well after the state complaint was filed. Nevertheless, Plaintiff's knowledge of the new facts arose well before his case was scheduled to be tried. In fact, he always maintained that this claim should have been joined, and his primary argument here is that the state court erred by not allowing him to do so.

That Plaintiff's attempt to bring his new claim into the prior litigation was unsuccessful does not allow him to bring a new case in federal court. "A plaintiff's failure to allow the trial court the opportunity to manage the full controversy at the outset diminishes the force of any later claim that joinder would have been inappropriate." *Ditrolio*, 142 N.J. at 275. Here, Plaintiff does not argue that joinder was inappropriate. Rather, he argues that the claim should have been joined, but that his failure to do so was caused by counsel's excusable neglect and by errors committed by the state court. The undisputed facts do not support Plaintiff's argument that he was deprived of the

opportunity to bring this claim in the related state court action.  First, he has identified no

basis in law or in fact for what amounts to an "excusable neglect" exception to the entire

controversy doctrine.  Second, to the extent he argues that the state court unjustly

deprived him of the opportunity to litigate the related claim, this Court has no jurisdiction

to review the decisions of state courts.

        Defendant contends that Plaintiff had the opportunity to litigate the claim now

pending before this Court in the earlier state-court action, but simply failed to do so out

of neglect.  Despite having learned of Defendant's motion in limine to exclude evidence

related to this claim in November at the latest, he failed to object to the motion until

January, over a month after it had been granted by the court.  Further, the Defendant

notes that the Plaintiff never attempted to amend his complaint to include the new but

related claim.  The Plaintiff argues that he brought the facts underlying the new claim to

the attention of the court, that any neglect or delay was due to Plaintiff's counsel's

medical problems, and that the motion in limine excluding evidence related to the new

claim was not properly served.

        Plaintiff has pointed to no legal exception to the entire controversy doctrine that

would make these arguments relevant.  Any dispute over proper service of the

Defendant's motion in limine has no effect on the Plaintiff's obligation under the entire

controversy doctrine to bring "all related claims against an adversary" in one action.

*Aetna Ins. Co.*, 428 A.2d at 1257.  Plaintiff admittedly learned of the new claim in

August 2009, and maintains that joinder would have been appropriate.  Yet he did not

attempt to amend the pleadings to join the new claim, and he failed to object to the

Defendant's motion in limine to preclude the introduction of evidence related to that

claim. He took no action until January 2010, at which time he attempted to vacate the court's order excluding evidence related to the new claim. Furthermore, even accepting Plaintiff's argument that the motion in limine was improperly served, he admits that he had actual notice of the motion by mid-November and still failed to respond—even if only to contest the Defendant's method of service—until January. Plaintiff's assertion that any delay was excusable due to his counsel's anemic condition is also without any basis in the law. Therefore, he had a "fair and reasonable opportunity to have fully litigated that claim" in state court. *Ditrolio*, 142 N.J. at 273 (quoting *Cafferata*, 251 N.J. at 261).

To the extent that Plaintiff contests the state court's ruling granting Defendant's motion in limine, or contests the court's ruling denying his subsequent motion to vacate, his Complaint in this case is an attempt to appeal the judgment of a state court. Such an action is barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is the general principle that lower federal courts lack subject matter jurisdiction to review state court decisions. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *ASARCO Inc. v. Kadish*, 490 U.S. 605, 109 S. Ct. 2037 (1989). Only the United States Supreme Court is vested with that authority. *Feldman*, 460 U.S. at 482-86. The doctrine encompasses indirect attempts to undermine a state court decision. For example, plaintiffs may not pursue new federal claims with allegations that are "inextricably intertwined" with a state court decision. *Feldman*, 460 U.S. at 486; *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992). The Third Circuit has also made clear that the doctrine applies to lower state court rulings that have not yet been upheld in the highest state court. *Port Authority Police Benev. Ass'n,*

*Inc. v. Port Authority of New York and New Jersey Police Dept.*, 973 F.2d 169, 177 (3d Cir. 1992).

This Court clearly lacks jurisdiction over the aspect of Plaintiff's Complaint that seeks review of the state court decisions granting the Defendant's motion in limine and denying Plaintiff's motion to vacate. The proper way to address any perceived deficiencies in this or other rulings of the New Jersey Superior Court is to appeal to the Appellate Division. Thus, this Court shall not examine the state court's reasoning.

### IV.   CONCLUSION

For the foregoing reasons, the Plaintiff's Complaint in this case is barred by the entire controversy doctrine. His argument that he was deprived of the opportunity to litigate this claim in the related state-court action is unavailing. His arguments excusing counsel's failure to bring the new claim in the existing state litigation are without basis in law or fact. Furthermore, this Court is not the proper forum for any argument based on alleged errors committed by the state court. Thus, Plaintiff's claim fails as a matter of law, and Summary Judgment is granted. An appropriate order follows.

_____
JOEL A. PISANO
United States District Judge

Dated:  4/23/12